935 F.2d 279
 19 U.S.P.Q.2d 1799
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
QUANTUM CORPORATION and Plus Development Corporation,
Plaintiffs-Appellees,
v.
TANDON CORPORATION, Defendant-Appellant.
 No. 91-1207.
 United States Court of Appeals, Federal Circuit.
 April 29, 1991.
 
 Before NIES, Chief Judge, and RICH and MAYER, Circuit Judges.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 Quantum Corporation moves to dismiss the appeal of Tandon Corporation for lack of appellate jurisdiction. Tandon opposes the motion. Quantum moves for leave to file a reply. Tandon opposes the motion for leave.
 
 
 2
 Quantum sued Tandon in the United States District Court for the Northern District of California for infringement of Quantum's reissue patent. Pursuant to the parties' motions for summary judgment, on January 14, 1991, the district court (1) denied Tandon's motion for partial summary judgment of invalidity due to deficiencies in Quantum's reissue oath, (2) granted Quantum's motion for partial summary judgment on that issue, (3) denied Tandon's motion for partial summary judgment of invalidity for failure to satisfy the best mode requirement determining that the issue presented genuine issues of material facts, and (4) denied Quantum's motion for partial summary judgment of infringement because genuine issues of material fact existed. On February 11, 1991, the district court denied Tandon's motion for reconsideration and its motion for certification of the order pursuant to 28 U.S.C. Sec. 1292(c)(1). Tandon's appeal here is from the January 14, 1991 order and the February 11, 1991 order.
 
 
 3
 Tandon argues that the court has jurisdiction pursuant to the Gillespie rule and/or the Cohen doctrine.* We disagree. In Copelands' Enterprises, Inc. v. CNV, Inc., 887 F.2d 1065, 1068 (Fed.Cir.1989) (in banc), we acknowledged that "the Supreme Court has severely limited Gillespie as a basis for accepting an interlocutory decision." In Coopers & Lybrand v. Livesay, 437 U.S. 463, 477 n. 30 (1978) the Supreme Court determined that Gillespie must be limited to the unique facts of the Gillespie case lest the final judgment rule be stripped of all significance. Accordingly Tandon's reliance on Gillespie is misplaced.
 
 
 4
 The Supreme Court has articulated a three-pronged test to determine whether an interlocutory order is appealable pursuant to the Cohen collateral order doctrine. The order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1136-37 (1988). Here, Tandon argues that the district court's failure to address Tandon's Fed.R.Civ.P. 56(f) declarations and the need for additional discovery is reviewable under the Cohen doctrine. Again we disagree. The "failure" to address a matter in the context of a partial summary judgment does not satisfy any of the three requirements of the Cohen test. Accordingly, Tandon's reliance on the Cohen doctrine is misplaced.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Quantum's motion to dismiss is granted.
 
 
 7
 (2) Quantum's motion for leave to file a reply is granted.
 
 
 
 *
 Gillespie v. United States Steel Corp., 379 U.S. 148 (1964) and Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949)